UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

BRIAN WOODRUFF,                                                Case No. 2:25-cv-30

              Plaintiff,                                       Hon.  Robert J. Jonker
                                                              U.S. District Judge

      v.

DANYA RUSSO,

              Defendant.

_____/

**REPORT AND RECOMMENDATION**

## I.  Introduction

This Report and Recommendation (R. & R.) addresses the following:

- Defendant's motion for summary judgment, ECF No. 26;

- Defendant's motion to enforce Case Management Order, motion for summary judgment, and motion to dismiss for lack of prosecution, ECF No. 30;

- Defendant's second motion to enforce court order and motion to dismiss for lack of prosecution, ECF No. 32; and

- Defendant's third motion to enforce court order and motion to dismiss for failure to prosecute, ECF No. 33.

Plaintiff has not responded to any of Defendant's motions.

Plaintiff – state prisoner Brian Woodruff – filed an unverified civil complaint under 42 U.S.C. § 1983 alleging that Defendant Dr. Russo was deliberately indifferent to his serious medical needs, in violation of his rights under the Eighth

Amendment, while he was a prisoner at Chippewa Correctional Facility (URF).  ECF No. 1.

More specifically, Woodruff states that he has received treatment for a pinched nerve in his upper neck for 16-17 years.  *Id.*, PageID.3.  He says he was diagnosed with degenerative arthritis of the cervical spine.  *Id.*  Woodruff claims that when he arrived at URF in August 2023, Dr. Russo stopped all treatment for his condition.  *Id.*  Woodruff asserts that he suffers from physical and mental pain due to Dr. Russo's refusal to continue treatment.  *Id.*

Defendant Dr. Russo asserts that Woodruff's case should be dismissed because Woodruff has failed to respond to Defendants' motions or otherwise participate in this action.  ECF Nos. 30, 32, & 33.  Alternatively, Dr. Russo argues that the case should be dismissed because the only relevant grievance was rejected as untimely and the rejection was upheld through Step III.  ECF No. 27, PageID.230.

First, the undersigned respectfully recommends that the Court **deny** Defendant's motions to enforce the court order and motions to dismiss for failure to prosecute.  ECF Nos. 30, 32, & 33.  In the opinion of the undersigned, Defendant has not identified sufficient grounds to dismiss the case on this basis alone.

Next, the undersigned respectfully recommends that the Court **grant** Defendant's motion for summary judgment.  ECF No. 27.  The records before the Court establish that no genuine issue of material fact remains with respect to the issue of Plaintiff's exhaustion of his administrative remedies.

## II.  Motion to Dismiss

First, the undersigned considers Defendant's motions to dismiss for Plaintiff's failure to prosecute.  ECF Nos. 30, 32, & 33.

Federal Rule of Civil Procedure 41(b) states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).

Here, Dr. Russo argues that Plaintiff's case should be dismissed for failure to prosecute because Plaintiff has not responded to Defendant's motion for summary judgment and has not otherwise participated in the litigation.  The Case Management Order (CMO) provides that the parties are to comply with the briefing schedule in Local Civil Rule 7.2, but Plaintiff is not *required* to respond to Defendant's motion.

Dr. Russo is correct in her assertion that the local rules allow 28 days after service for a response to a motion for summary judgment.  W.D. Mich. LCivR 7.2(c). However, Plaintiff is not required to file a response to Defendant's motion for summary judgment.  In fact, the Sixth Circuit has stated that when a non-movant fails to respond to a motion for summary judgment, the Court must "examine the movant's motion for summary judgment to ensure that he has discharged his initial burden."  *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998)*(citing Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991)).  Thus, a failure to respond is not automatic grounds for dismissal.

Accordingly, the undersigned respectfully recommends that the Court **deny** Defendant's motions to dismiss for failure to prosecute.  ECF Nos. 30, 32, & 33.

### III. Summary Judgment Standard

Next, the undersigned turns to Defendant's motion for summary judgment for Plaintiff's failure to exhaust administrative remedies.  ECF No. 26.

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury[1] or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

---

[1]    The Seventh Amendment does not always require courts to submit factual disputes about exhaustion to a jury. *Lee v. Willey*, 789 F.3d 673, 678 (6th Cir. 2015).  However, when the exhaustion issue is intertwined with the merits of a claim, the Seventh Amendment requires a jury trial on the exhaustion issue. *Perttu v. Richards*, 605 U.S. 460, 479, 145 S.Ct. 1793, 1807 (2025).

### III.  Exhaustion of Administrative Remedies

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove.  *Jones v. Bock*, 549 U.S. 199, 212-16 (2007).  "[W]here the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party."  *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001).  Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact."  *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies.  *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001).  A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process.  *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999).

In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones*, 549 U.S. at 218-19; *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218-19. In rare circumstances, the grievance process will be considered unavailable where officers are unable or consistently unwilling to provide relief, where the exhaustion procedures may provide relief, but no ordinary prisoner can navigate it, or "where prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. 632, 644 (2016).

"Beyond doubt, Congress enacted [Section] 1997e(a) to reduce the quantity and improve the quality of prisoner suits." *Porter*, 534 U.S. at 524. In the Court's view, this objective was achieved in three ways. First, the exhaustion requirement "afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Id.* at 525. Second, "the internal review might 'filter out some frivolous claims.'" *Id.* (quoting *Booth*, 532 U.S. at 737*).* And third, "adjudication could be facilitated by an administrative record that clarifies the contours of the controversy." *Id.* When institutions provide adequate notice as required under the PLRA, the opportunity to address the claims internally furthers the additional goals of limiting judicial interference with prison

6

administration.  *Baker v. Vanderark*, 1:07-cv-004, 2007 WL 3244075, *5 (W.D. Mich., Nov. 1, 2007).

Michigan Dept. of Corrections (MDOC) Policy Directive 03.02.130 (effective September 25, 2023) sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint.  Inmates must first attempt to informally resolve a grievable issue within two business days of becoming aware of the issue, unless prevented by circumstances beyond his or her control.  *Id.* at ¶ W. If informal resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form **within five business days** of the attempted informal resolution.  *Id.* at ¶¶ W, CC (emphasis added).  The inmate submits the grievance to a designated Grievance Coordinator, who assigns it to a respondent.  *Id.* at ¶ CC.   The Policy Directive also provides the following directions for completing grievance forms: "The issues should be stated briefly but concisely.  Information provided is to be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how).  Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ Y (emphasis in original).

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due.  MDOC Policy Directive 03.02.130 at ¶¶ JJ.  The respondent

at Step II is designated by the policy, *e.g.,* the regional health administrator for medical care grievances.  *Id.* at ¶ LL.

If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form.  *Id.* at ¶¶ NN.  The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due.  *Id.*  The Grievance Section is the respondent for Step III grievances on behalf of the MDOC director.  *Id.* at ¶ OO.

Where the grievance procedures are not available because the issue presented is non-grievable, exhaustion of prison grievance procedures is not required.  It is well-established that a prisoner "cannot be required to exhaust administrative remedies regarding non-grievable issues." *Figel v. Bouchard*, 89 F. App'x 970, 971 (6th Cir. 2004); *Mays v. Kentucky Dept. of Corrections*, 2018 WL 4603153, at \*3 (W.D. Ky. Sept. 25, 2018) ("It is beyond debate that an inmate cannot be required to exhaust administrative remedies regarding non-grievable issues."); *Reeves v. Hobbs*, 2013 WL 5462147 (W.D. Ark. Sept. 3, 2013) ("Defendants cannot treat a complaint as non-grievable, and therefore not subject to the grievance procedure, and then turn around and maintain the claim fails because [the plaintiff] failed to follow the grievance procedure. As the well known proverb states, they cannot have their cake and eat it too.").

However, where other administrative remedies are available, the prisoner is required to exhaust those available remedies prior to filing a federal lawsuit. For

example, where an inmate claims that he received a retaliatory false misconduct, whether a Class I misconduct or a Class II or III misconduct[2], the inmate must first raise the issue during the Misconduct Hearing.  *Siggers v. Campbell*, 652 F.3d 681, 693−94.  If the inmate is claiming to have received a retaliatory Class I misconduct, he or she must then must "file a motion or application for rehearing [of his misconduct conviction] in order to exhaust his or her administrative remedies before seeking judicial review of the final decision or order." Mich. Comp. Laws § 791.255(1); *see also Siggers*, 652 F.3d at 693−94.

When prison officials waive enforcement of these procedural rules and instead consider a non-exhausted claim on its merits, a prisoner's failure to comply with those rules will not bar that prisoner's subsequent federal lawsuit.  *Reed-Bey v. Pramstaller*, 603 F.3d 322, 325 (6th Cir. 2010).  The Sixth Circuit has explained:

> [A] prisoner ordinarily does not comply with MDOCPD 130—and therefore does not exhaust his administrative remedies under the PLRA—when he does not specify the names of each person from whom he seeks relief. *See Reed-Bey v. Pramstaller*, 603 F.3d 322, 324-25 (6th Cir. 2010) ("Requiring inmates to exhaust prison remedies in the manner the State provides—by, say, identifying *all* relevant defendants—not only furthers [the PLRA's] objectives, but it also prevents inmates from undermining these goals by intentionally defaulting their claims at each step of the grievance process, prompting unnecessary and wasteful federal litigation process."). An exception to this rule is that prison officials waive any procedural irregularities in a

---

[2]    Violations of written rules within the MDOC are classified as either Class I, Class II or Class III misconducts. Class I consists of the most severe violations, and Class III consists of the least severe.  While Class I misconducts are considered "major" misconducts and are "subject to all hearing requirements set forth in MCL 791.252", Class II and III misconducts are considered "minor" misconducts and are "subject to all requirements currently set forth in Department Administrative Rules and policy directives for 'minor' misconducts." MDOC Policy Directive (PD) 03.03.103 ¶ B (eff. date 07/01/18).

grievance when they nonetheless address the grievance on the merits. *See id.* at 325.   We have also explained that the purpose of the PLRA's exhaustion requirement "is to allow prison officials 'a fair opportunity' to address grievances on the merits to correct prison errors that can and should be corrected to create an administrative record for those disputes that eventually end up in court." *Id.* at 324.

*Mattox v. Edelman*, 851 F.3d 583, 590−91 (6th Cir. 2017).[3]

### IV. Analysis

Dr. Russo includes Woodruff's MDOC Step III Grievance Report for the relevant timeframe:

### MDOC Prisoner Step III Grievance Report
1/1/2019 to Present

Prisoner #: 303585    Last Name:  Woodruff    First Name:   Brian

| Step III Rec'd | Grievance Identifier | Grievance Category | Facility | Step I Received Date | Resolved | Partially Resolved | Denied | Rejected | Closed | Date Mailed |
|---|---|---|---|---|---|---|---|---|---|---|
| 1/26/2024 | URF-23-12-2186-28E | 28E | 8 | 12/11/2023 | ☐ | ☐ | ☐ | ☑ | ☑ | 2/2/2024 |

Notes:

ECF No. 28-2, PageID.249.

The only grievance identified on the Step III grievance report is URF-23-12-2186-28E (hereinafter URF-2186).  Dr. Russo includes the following rejection letters for URF-2186 indicating that this grievance was untimely at each stage of the grievance process.

---

[3]    In *Mattox*, the Sixth Circuit held that a prisoner may only exhaust a claim "where he notifies the relevant prison . . . staff" regarding the specific factual claim "giving the prison staff a fair chance to remedy a prisoner's complaints."   *Id.* at 596. For example, grieving a doctor about his failure to give cardiac catheterization did not grieve the claim that the doctor erred by not prescribing Ranexa.

**Michigan Department of Corrections**
**GRIEVANCE REJECTION LETTER**

DATE:        Monday, December 11, 2023

TO:          **WOODRUFF**              303585 LOCATION: URF      M    260

FROM:        Grievance Coordinator

SUBJECT:     Rejection

Your Step I grievance regarding    **Grievance Rejections**
was received in this office on    **12/11/23**    and was rejected due to the following reason:

You have exceeded your time limits in filing a grievance and at the same time provided no reasonable circumstance beyond your control that would have prevented you from filing this grievance in a timely fashion. Your grievance has been rejected for these reasons. If you have further questions consult PD 03.02.130 and OP 03.02.130, which are available in the institutional library.

Any future references to this grievance should utilize this identifier:

URF — 23 — 12 — 2186 — 28 E

*Id.*, PageID.254.

STEP II GRIEVANCE RESPONSE FOR PRISONER **WOODFRUFF 303585 M-260 (URF)**

Grievance **URF 2312,2186 28E** has been reviewed.

The Step I rejection is upheld by the Warden's Office at Step II in accordance with PD 03.02.130, Prisoner/Parolee Grievances".

_____          1/9/24
Jamie Corrigan, Warden                    Date

JC/ka

*Id.*, PageID.252.

11

STATE OF MICHIGAN
**DEPARTMENT OF CORRECTION**
**LANSING**

GRETCHEN WHITMER
GOVERNOR

HEIDI E. WASHINGTON
DIRECTOR

**STEP III GRIEVANCE DECISION**

Rec #:    148291
              28E

| | | | |
|---|---|---|---|
| **To Prisoner:** | Woodruff | #: | 303585 |
| **Current Facility:** | URF | | |
| **Grievance Identifier:** | URF-23-12-2186-28E | | |
| **Step III Received:** | 1/26/2024 | | |

Your Step III appeal has been reviewed and considered by the Grievance Section of the Office of Legal Affairs in accordance with PD 03.02.130, "Prisoner/Parolee Grievances".

**THE REJECTION IS UPHELD.**

THIS DECISION CANNOT BE APPEALED WITHIN THE DEPARTMENT.    FEB 0 2 2024

**Richard D. Russell, Manager Grievance**
**Section, Office of Legal Affairs**

CC: Warden, Current Facility:
        Warden, Grieved Facility:  URF

*Id.*, PageID.250.

Grievances that are rejected are not reviewed on the merits and thus do not satisfy the exhaustion requirement.  URF-2186 was rejected for untimely filing.  That rejection was upheld through Step III.  Therefore, URF-2186 fails to exhaust Woodruff's claims against Dr. Russo.

Accordingly, in the opinion of the undersigned, there are no genuine issues of material fact as to whether Woodruff exhausted his administrative remedies for his claim against Dr. Russo – he did not.

12

## VIII. Recommendation

For the reasons stated above, the undersigned respectfully recommends that the Court **deny** Defendant's motions to dismiss for failure to prosecute ECF Nos. 30, 32, & 33, and **grant** Defendant's motion for summary judgment based on Plaintiff's failure to exhaust his administrative remedies, ECF No. 26.

The records before the Cour establish that no genuine issue of material fact remains with respect to the issue of Plaintiff's exhaustion of his administrative remedies. Accordingly, the undersigned respectfully recommends that this Court dismiss Woodruff's Eighth Amendment deliberate indifference claim against Dr. Russo. If the Court adopts this recommendation, no claims will remain in this case.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:   April 28, 2026                    /s/ *Maarten Vermaat*
                                           MAARTEN VERMAAT
                                           U. S. MAGISTRATE JUDGE

13